## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>(1) HOTELMACHER LLC, d/b/a HOLIDAY INN EXPRESS; (2) WALTER SCHUMACHER; (3) CAROLYN SCHUMACHER; (4) STEAKMACHER, LLC, d/b/a MONTANA MIKE'S STEAKHOUSE; (5) SCHUMACHER INVESTMENTS, LLC, d/b/a WATER ZOO; (6) APEX USA, INC.; (7) MADELYN CASILAO; (8) HARRY LINCUNA; and (9) ALLAN GARCIA,<br><br>Defendants. | Case No.:  5:17-cv-01234-F |

### DEFENDANTS MADELYN CASILAO, HARRY LINCUNA AND ALLAN GARCIA'S ANSWER AND AFFIRMATIVE DEFENSES

Defendants Madelyn Casilao, Harry Lincuna and Allan Garcia ("The

Employee Defendants"), by and through their undersigned counsel, answer the complaint

("Complaint") of Plaintiff Philadelphia Indemnity Insurance Company ("Philadelphia

Indemnity") upon knowledge as to themselves and their own actions, and upon

information and belief as to all other matters.  To the extent not explicitly admitted, the

Employee Defendants deny all allegations in the Complaint.  The Employee Defendants

answer all of the allegations in the Complaint solely as to themselves and their own

actions, and does not answer for any of the other Defendants in this action.  The

Employee Defendants are not responding to any titles or section headings in the Complaint.  To the extent a response is required, any allegations contained in the section headings in the Complaint are denied.

1.      The Employee Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2.      The Employee Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, except admit, on information and belief, that Defendant Hotelmacher, LLC is an Oklahoma limited liability company.

3.      The Employee Defendants admit, on information and belief, the allegations contained in paragraph 3 of the Complaint.

4.      The Employee Defendants admit, on information and belief, the allegations contained in paragraph 4 of the Complaint.

5.      The Employee Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, except admit, on information and belief, that Steakmacher, LLC is an Oklahoma limited liability company.

6.      The Employee Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the

Complaint, except admit, on information and belief, that Schumacher Investments, LLC is an Oklahoma limited liability company.

7.     The Employee Defendants admit, on information and belief, the allegations contained in paragraph 7 of the Complaint.

8.     The Employee Defendants admit that Madelyn Casilao is a citizen of the Philippines, aver that she is not a resident of Pennsylvania, and otherwise deny the allegations contained in paragraph 8 of the Complaint.

9.     The Employee Defendants admit that Harry Lincuna is a citizen of the Philippines, aver that he is not a resident of Pennsylvania, and otherwise deny the allegations contained in paragraph 9 of the Complaint.

10.     The Employee Defendants admit that Allan Garcia is a citizen of the Philippines, aver that he is not a resident of Pennsylvania, and otherwise deny the allegations contained in paragraph 10 of the Complaint.

11.     The Employee Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12.     The Employee Defendants aver that the allegations contained in paragraph 12 are legal conclusions to which no response is required.

13.     The Employee Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence

of paragraph 13 of the Complaint.  The Employee Defendants admit the allegations

contained in the second sentence of paragraph 13 of the Complaint.

14.     The Employee Defendants aver that they lack knowledge or information

sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of

the Complaint.

15.     The Employee Defendants aver that they lack knowledge or information

sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of

the Complaint.

16.     The Employee Defendants aver that they lack knowledge or information

sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of

the Complaint.

17.     With respect to paragraph 17 of the Complaint, the Employee Defendants

admit that Philadelphia Indemnity seeks declaratory relief in this action, but aver that

they lack knowledge or information sufficient to form a belief as to whether Philadelphia

Indemnity is entitled to such relief.  To the extent that paragraph 17 of the Complaint

purports to characterize the declaratory relief sought, the Employee Defendants refer to

the Complaint for a complete and accurate statement of its contents.

18.     With respect to paragraph 18 of the Complaint, the Employee Defendants

admit that the First Claim for Relief of the Class Action Complaint seeks relief for

violations of the Trafficking Victims Protection Reauthorization Act ("TVPRA")

pursuant to 18 U.S.C. § 1595.  To the extent that paragraph 18 purports to characterize

the First Claim for Relief in the Class Action Complaint, the Employee Defendants refer to the Class Action Complaint for a complete and accurate statement of its contents.

19.    With respect to paragraph 19 of the Complaint, the Employee Defendants admit that the Second Claim for Relief of the Class Action Complaint seeks relief for breach of written employment contracts.  To the extent that paragraph 19 purports to characterize the Second Claim for Relief in the Class Action Complaint, the Employee Defendants refer to the Class Action Complaint for a complete and accurate statement of its contents.

20.    With respect to paragraph 20 of the Complaint, the Employee Defendants admit that the Third Claim for Relief of the Class Action Complaint seeks relief for breach of contract as third party beneficiaries.  To the extent that paragraph 20 purports to characterize the Third Claim for Relief in the Class Action Complaint, the Employee Defendants refer to the Class Action Complaint for a complete and accurate statement of its contents.

21.    With respect to paragraph 21 of the Complaint, the Employee Defendants admit that Philadelphia Indemnity seeks declaratory relief in this action, but aver that they lack knowledge or information sufficient to form a belief as to whether Philadelphia Indemnity is entitled to such relief.  To the extent that paragraph 21 of the Complaint purports to characterize the declaratory relief sought, the Employee Defendants refer to the Complaint for a complete and accurate statement of its contents.

22.    The Employee Defendants aver that the allegations contained in paragraph 22 are legal conclusions to which no response is required.  To the extent that paragraph 22 may be deemed to contain factual allegations, the Employee Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23.    The Employee Defendants aver that the allegations contained in paragraph 23 are legal conclusions to which no response is required.  To the extent that paragraph 23 may be deemed to contain factual allegations, the Employee Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24.    The Employee Defendants aver that the allegations contained in paragraph 24 are legal conclusions to which no response is required.  To the extent that paragraph 24 may be deemed to contain factual allegations, the Employee Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25.    The Employee Defendants aver that the allegations contained in paragraph 25 are legal conclusions to which no response is required.  To the extent that paragraph 25 may be deemed to contain factual allegations, the Employee Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26.     The Employee Defendants aver that the allegations contained in paragraph 26 are legal conclusions to which no response is required.

## AFFIRMATIVE DEFENSES

The Employee Defendants set forth below their affirmative defenses.  By setting forth these affirmative defenses, the Employee Defendants do not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Philadelphia Indemnity.  Nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to Philadelphia Indemnity's allegations.

## FIRST DEFENSE

Philadelphia Indemnity's Complaint fails to state a claim for which relief may be granted.

## SECOND DEFENSE

The Employee Defendants are not proper or necessary parties to this civil action.

## RESERVATION OF RIGHTS

The Employee Defendants hereby gives notice that they intend to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserve all rights to amend this Answer and all such defenses.

## PRAYERS FOR RELIEF

WHEREFORE, the Employee Defendants respectfully request that this

Court:

(i)      grant judgment in favor of the Employee Defendants and against

Philadelphia Indemnity;

(ii)     award the Employee Defendants their costs, expenses and attorneys' fees

for the defense of this Complaint; and

(iii)    award the Employee Defendants such other relief as the Court deems just

and proper.

Dated:  April 24, 2018                          Respectfully Submitted,

Brady Henderson
AMERICAN CIVIL LIBERTIES UNION

By:  */s/ Brady R. Henderson*

Attorneys for the Employee Defendants

Brady R. Henderson (OBA #21212)
American Civil Liberties Union of Oklahoma
PO Box 1626
Oklahoma City, OK 73101
Telephone:    (405) 525-3831
Facsimile:     (405) 524-2296
Email:  bhenderson@acluok.org

Eben Colby, *Pro Hac Vice* forthcoming
Catherine Fisher, *Pro Hac Vice* forthcoming
Isaac Saidel-Goley, *Pro Hac Vice* forthcoming
500 Boylston Street
Boston, MA 02116
Telephone:    (617) 573-4800
Facsimile:     (617) 305-4800

8

Emails:    Eben.Colby@probonolaw.com
           Catherine.Fisher@probonolaw.com
           Isaac.Saidel-
Goley@probonolaw.com

Carole Vigne, *Pro Hac Vice* forthcoming
LEGAL AID AT WORK
180 Montgomery Street, Suite 600
San Francisco, CA  94104
Telephone:    (415) 864-8848
Facsimile:    (415) 593-0096
Emails:       cvigne@legalaidatwork.org

9

## CERTIFICATE OF SERVICE

This is to certify that on the day of filing, I electronically transmitted the above and foregoing document to the Clerk of the Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to all parties registered to receive it.

/s/ Brady R. Henderson
Brady R. Henderson (OBA #21212)